IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SEMONE THOMPSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 23-cv-00499-GKF-SH |
| DENIS MCDONOUGH, Secretary of Veterans Affairs, Department of Veterans Affairs, | ) ) ) ) ) |
| Defendant. | ) |

## **OPINION AND ORDER**

Before the Court is Defendant's motion, seeking an order authorizing it to provide certain information in discovery and to protect that information. The Court finds that good cause supports both requests, and they will be granted.

## Background

Plaintiff Semone Thompson ("Thompson") brings this case against Denis McDonough, Secretary of Veterans Affairs, Department of Veterans Affairs (the "VA"). (ECF No. 1.) Thompson brings various claims relating to her employment at the VA, including claims that she was discriminated against on the basis of her race, national origin, and religion. (*Id.*)

The VA represents that information it may produce in discovery includes patient records protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. §§ 1320d–1320d-9, and related regulations. (ECF No. 32 at 1.[1]) Thompson has also requested personal contact information for former VA employees that the VA believes is protected by the Privacy Act, 5 U.S.C. § 552a. (*Id.* at 2.) The VA,

---

[1] References to page numbers refer to the ECF header.

therefore, requests an order authorizing it to disclose information protected by the Privacy Act, as well as a protective order allowing for the designation of material as confidential.

Thompson objects to both requests. On the protective order, Thompson represents that she is governed by HIPAA, but she also states that she intends to use information provided in this litigation in a related administrative proceeding. (ECF No. 36 at 1–2.) Separately, Thompson argues that there should be no protection for the confidential information of "other employees and the use of potentially unlawful disparate actions"; argues that "openness in handling employee information is essential for compliance with anti-discrimination laws"; and argues she should be able to use confidential information learned in this case in "related cases." (*Id.* at 2, 5.) Thompson also represents that certain information has already been provided to her in the other proceeding without any protective order. (*Id.* at 2.) Finally, Thompson argues it would be unduly burdensome to require her to keep confidential documents from this case separate from the documents in the administrative proceeding. (*Id.* at 3.)

## Analysis

The Court finds that Thompson misapprehends the purpose of an order authorizing disclosure under the Privacy Act and that good cause supports the entry of the proposed protective order.

### I.  **The Privacy Act**

Pursuant to the Privacy Act, no federal agency shall disclose any "record" that is contained in a "system of records" without the written consent of the individual to whom the record pertains, "unless disclosure of the record would be . . . pursuant to the order of

a court of competent jurisdiction."[2] 5 U.S.C. § 552a(b)(11); *see also Andrews v. Veterans Admin. of U.S.*, 838 F.2d 418, 421–22 (10th Cir. 1988) ("The Privacy Act . . . was enacted to protect the privacy of individuals identified in information systems maintained by Federal agencies by preventing misuse of that information." (internal quotation omitted)). Without such an order from this Court, the VA would be prohibited from disclosing the covered information to Plaintiff. *Id.* § 552a(b). While Thompson may not believe any information is covered by the Privacy Act, the requested order will simply allow that information to be produced by the VA in discovery without a Privacy Act objection—subject, if appropriate, to any separate confidentiality restrictions imposed by a protective order.

The Court finds good cause for the issuance of an order allowing the Government to produce responsive discovery covered by the Privacy Act.

## II. The Protective Order

Rule 26, meanwhile, allows a party from whom discovery is sought to seek a protective order from the court where litigation is pending. Fed. R. Civ. P. 26(c). Such an order may be entered to protect a person from annoyance, embarrassment, oppression, or undue burden or expense, and it can include an order "requiring that . . . confidential . . . information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). While "good cause" is required for the entry of a protective order,

---

[2] A "record" is defined as "information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or photograph." 5 U.S.C. § 552a(a)(4). A "system of records" is defined as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." *Id.* § 552a(a)(5).

3

this standard is "highly flexible, having been designed to accommodate all relevant interests as they arise." *Siegel v. Blue Giant Equip. Corp.*, 793 F. App'x 737, 744 (10th Cir. 2019) (unpublished).[3]

Here, the VA is not asking for an order that would necessarily shield relevant information from public disclosure if used in this litigation. Instead, under the proposed order—common in this district—the VA has the ability to designate certain information as "Confidential." Here, the parties' submissions indicate that the production in this case will involve personal information of non-parties, including their medical information and home addresses—information that would likely meet the ordinary definition of confidential information. Once the discovery is so designated, it can only be used for purposes of this litigation, can only be shared with certain persons, must be filed under seal, and must be destroyed at the conclusion of the litigation. However, at any time, any party may make a good faith challenge to the propriety of the "Confidential" designation, and the VA—as the designating party—will retain the burden of establishing that the designation is proper. Moreover, the proposed order does not govern use of the material at trial; instead, such use will be decided by the district judge at the final pretrial conference. And, for the most part, information used at trial is not confidential and becomes part of the public record.

As such, the scope of protection being sought by the VA is not as broad as Thompson fears. The proposed order does not restrict the use of information that is publicly available or that is obtained independently and under rightful means by the receiving party. If Thompson believes certain documents are being over-designated as

---

[3] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

4

confidential, she can confer in good faith with the VA's attorneys and, if necessary, seek a ruling from this Court. If certain confidential information later become relevant to this litigation such that it will actually be filed in this case,[4] and Thompson believes the public interest outweighs others' need for privacy, Thompson can—again—confer in good faith and/or seek a ruling that she need not file such documents under seal. And, in both instances, the burden will remain on the VA. At that point, the Court will recognize the "common-law right of access to judicial records," *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978)), and weigh the "presumptively paramount" interests of the public against the interests advanced by the parties, *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015). And, to the extent the relevant portions of documents are not confidential, the parties should agree to redactions that allow for those documents to be filed publicly—indeed, this is encouraged by the local rules. *See* LCvR 5.2-2.

For now, the VA is seeking fairly modest protections for the confidential information of third parties in order to allow production to commence, and the Court finds good cause for the issuance of the requested order.

The Court does not currently see any reason to amend the proposed order to allow Thompson to use confidential information in "related cases." The purpose of discovery in this litigation is solely to allow the parties to learn "nonprivileged matter that is relevant

---

[4] Some courts have recognized a distinction between discovery simply traded between the parties to litigation and documents or information actually used in the public litigation. *See, e.g., Doe v. Blue Cross Blue Shield*, 103 F. Supp. 2d 856, 857 (D. Md. 2000) (documents produced to plaintiffs but not filed with the court constitute the "'raw fruits of discovery,' to which the common law right of public access does not attach"); *Level 3 Comm'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 583 (E.D. Va. 2009) (noting a similar difference between the "raw fruits of discovery" prior to trial and "documents . . . offered into evidence for the jury's consideration at trial").

to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also id.* advisory ctte.'s note to 2000 am., subdiv. (b)(1) ("The Committee intends that the parties and the court focus on the actual claims and defenses involved in the action."). Discovery is not to be used to seek information that a party wants to use outside of this litigation,[5] and the Court will not preauthorize such use of the confidential information of third parties. If Thompson has a legitimate need for an exception to the protective order for specific information, she may file an appropriate motion.

The Court further finds that the proposed order will not impose an undue burden on Thompson. Presumably, the VA will bates-stamp its production in this case, and the proposed order requires that confidential information be clearly marked. It will not be a burden on Thompson to segregate that information and treat it as the order requires.

The protective order will be granted in the form requested by the VA.

## Conclusion

IT IS THEREFORE ORDERED that *Defendant's Application for Protective Order and Order Authorizing Disclosure* (ECF No. 32) is GRANTED. The requested Privacy Act and protective orders will be issued separately.

ORDERED this 17th day of September, 2024.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[5] *See* Fed. R. Civ. P. 26, advisory ctte.'s note to 2000 am., subdiv. (b)(1) ("The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.").