IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SEMONE THOMPSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 23-cv-00499-GKF-SH |
| DENIS MCDONOUGH, Secretary of Veterans Affairs, Department of Veterans Affairs, | ) ) ) ) |
| Defendant. | ) ) |

## **OPINION AND ORDER**

Before the Court is Defendant's motion to quash Plaintiff's notice of depositions. The notice is flawed in several respects and shall be quashed.

### **Background**

Plaintiff Semone Thompson ("Thompson"), *pro se*, brings this case against Denis McDonough, Secretary of Veterans Affairs, Department of Veterans Affairs (the "VA"). (ECF No. 1.) Thompson brings various claims relating to her employment at the VA, including claims that she was discriminated against on the basis of her race, national origin, and religion. (*Id.*)

On July 19, 2024, Thompson sent the VA's counsel an e-mail purporting to attach a "notice of depositions." (ECF No. 27-1 at 1.[1]) The attached "Pro Se Plaintiff's Deposition Requests" listed seven individuals that Thompson wanted to depose over four days from July 26 to August 1, 2024. (*Id.* at 2–3.) The deposition notice stated that the depositions would be conducted via Zoom. (*Id.* at 2.) Each deponent was to "produce any documents, recordings, emails, pictures or evidence that they have in their personal possession that

---

[1] References to page numbers refer to the ECF header.

pertains to Plaintiff in any way." (*Id.*) The notice further asked that the deponents have their work computers with them for the deposition, apparently for the purpose of having them access information on the VA's systems during the deposition.[2] (*Id.*) Thompson further stated that the "deposition will be audio recorded, video recorded and/or recorded by a court certified recorder." (*Id.* at 3.)

According to Defendant, during the meet-and-confer, Plaintiff first declined to provide the name of the court reporter; then stated she was searching for a court reporter; then stated she hoped someone would gift her a court reporter; and finally stated she planned to proceed without a court reporter and simply have the depositions be recorded by Zoom with a notary swearing the witnesses. (ECF No. 27 at 4.) Plaintiff disputes this history and asserts that she earlier stated her intent to take depositions by Zoom and that, at the meet-and-confer, it simply took her a little while to understand that "Defendant assumed that this Plaintiff was using a court reporter." (ECF No. 30 at 2.) Plaintiff's subsequent e-mail states that the depositions are to "be taken by Zoom recording with a Notary giving the oath in accordance with the Federal Rules of Civil Procedure." (ECF No. 27-3.)

Defendant moves to quash the deposition notice on several grounds: (1) the proposed deponents should be subpoenaed, because they are non-parties; (2) the notice was an improper attempt to seek documents from the VA while bypassing the 30-day response period, and the document requests are overly broad; (3) Plaintiff is attempting to take depositions without a certified court reporter; (4) Plaintiff is attempting to conduct

---

[2] It appears Plaintiff later withdrew this portion of the notice. (ECF No. 27-3 ("I am amending the portion that requests the examination of the Agency's computer systems.").)

remote video depositions without Defendant's consent; (5) a protective order is needed before the depositions take place;[3] and (6) the notice period was too short to allow the VA to find contact information for the listed individuals and determine their availability.[4] (ECF No. 27 at 2–7.)

## Analysis

Plaintiff's deposition notice was flawed on many fronts and must be quashed. Plaintiff cannot request documents in the notice of deposition without complying with either Rule 45 (for non-parties) or Rule 34 (for parties). Plaintiff's proposal to record the deposition on Zoom and simply have a notary swear in the deponent is insufficient under Rule 30. Plaintiff further cannot unilaterally choose to hold a remote deposition without either the VA's consent or a court order. Finally, Plaintiff cannot assume that she may depose any mere employee (even a "manager") of the VA with a simple notice; a subpoena is required, unless that employee is an officer, director, or "managing agent" of the VA.

### I. Deposition Notices without Subpoenas for Employees

Plaintiff may not simply issue a notice of deposition if she wants to depose a mere employee of the VA, absent an agreement between the parties. Pursuant to Rule 30, a party who wants to depose a person must give reasonable written notice to the other parties. *See* Fed. R. Civ. P. 30(b)(1). But this does not necessarily mean that the person to be deposed—the deponent—is in any way bound to appear at the deposition. Instead, a "deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P.

---

[3] A protective order and related orders have been issued since the filing of the parties' briefs (ECF Nos. 37–39), so this issue is now moot.

[4] Defendant further notes that Thompson failed to exercise the professional courtesy of conferring with its counsel before issuing the deposition notices. (ECF No. 27 at 7.)

30(a)(1); *see also* Fed. R. Civ. P. 45 (setting out the requirements for different types of subpoenas).

However, in certain circumstances, an individual deponent may be treated as the equivalent of a "party." Rule 37 provides that a party may be sanctioned if that party <u>or</u> its "officer, director, or managing agent" fails to appear for a deposition after being served with a proper notice. Fed. R. Civ. P. 37(d)(1)(A)(i). This has been interpreted as indicating that an entity "is responsible for producing its officers, managing agents, and directors if notice is given; a subpoena for their attendance is unnecessary . . . ." Richard L. Marcus, 8A Fed. Prac. & Proc. (Wright & Miller) § 2103 Civ. (3d ed.); *see also* 7 Moore's Federal Practice - Civil § 30.03[2] (2024) (noting the need to subpoena individual witnesses who are not officers, directors, or managing agents of a party).

Here, the parties have not given the Court sufficient information to determine whether the individuals Plaintiff wants to depose are managing agents of the VA. *Cf., e.g., Stearns v. Paccar, Inc.*, 986 F.2d 1429 (table), 1993 WL 17084, at *4 (10th Cir. 1993) (unpublished) (discussing factors considering when determining whether an individual is a managing agent under Rule 32(a)(2));[5] 7 Moore's Federal Practice - Civil § 30.03[2] (2024) (discussing tests used to determine managing agents of corporations); 7 Moore's Federal Practice - Civil § 32.21[2][a] (2024) (same). The VA has stated it does not even know whether all the planned deponents are still employees. (ECF No. 27 at 2.) *See, e.g.,* 7 Moore's Federal Practice - Civil § 30.03[2] (2024) (noting that, generally, "a person being deposed on behalf of a corporation must be an employee of the requisite seniority *at the time the deposition is taken*.").

---

[5] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

4

Plaintiff further did not indicate in her deposition notice that she was intending to depose any of the seven individuals as testifying on behalf of the VA. *See* 7 Moore's Federal Practice - Civil § 30.25[1] (2024) ("A party may still name a particular person to testify on behalf of the organization by noticing the deposition under Rule 30(b)(1)—provided that the deponent is an officer, director, or managing agent (see § 30.03[2])—and by indicating that the person named will be expected to testify on behalf of the organization."). Particularly after the withdrawal of her request that the deponents bring their work computers, it appears she is interested in information they have in their "personal possession." (ECF No. 27-1 at 2.)

The parties further have not provided legal authorities indicating how the "managing agent" test is applied in the context of a governmental entity.

In any event, the Court need not decide whether any of the listed deponents are, in fact, managing agents, as the depositions notice was deficient in other respects and must be quashed.[6]

---

[6] In her response brief, Plaintiff references Fed. R. Civ. P. 30(b)(6) and 5 C.F.R. § 1201.33. Neither applies here. If Plaintiff had wanted to depose the VA as a party under Rule 30(b)(6), she would need to (1) name the actual entity—the VA—as the deponent and (2) list with reasonable particularity the matters for examination. Fed. R. Civ. P. 30(b)(6). She would also need to confer in good faith with the VA about the matters for examination. *Id.* The VA would then get to choose the persons to be deposed, not Plaintiff. *Id.* There is no indication that Plaintiff intended to conduct a deposition of the VA under Rule 30(b)(6); instead, it appears Plaintiff intended to depose individually named witnesses under Rule 30(b)(1).

As for the regulation Plaintiff cites—5 C.F.R. § 1201.33, it has no applicability here. *See* 5 C.F.R. § 1201.11 ("The regulations in this subpart apply to [Merit Systems Protection] Board appellate proceedings . . . .").

## II.   Documents Requested with Deposition Notices

Plaintiff's request for the production of documents in the notice of deposition was improper. When a party wishes for a deponent to produce documents, she has two options—(1) a subpoena duces tecum served on the deponent; or (2) a request under Rule 34 for a party deponent to produce documents and tangible things at the deposition. Fed. R. Civ. P. 30(b)(2). Plaintiff did neither.

In the deposition notice, Plaintiff requested that the deponents "produce any documents . . . or evidence that they have in their personal possession that pertains to Plaintiff in any way." (ECF No. 27-1 at 2.) As a preliminary matter, this appears to be a request for documents from the deponents as individual witnesses and not as managing agents of the VA. In such circumstances, a Rule 45 subpoena is required. Alternatively, if Plaintiff intended to request documents in the possession, custody, or control of the VA, then the request was improper under Rule 34, which requires 30 days to respond. *See* Fed. R. Civ. P. 34(b)(2)(A).

The document request in the deposition notice will be quashed on this basis.

The VA also objects that the request for anything pertaining to Plaintiff in "any way" was overbroad. As the Court finds the document request must be quashed on another basis, it will not address the overbreadth issue at this time.

## III.   The Need for an Officer to Conduct and Certify the Deposition

Plaintiff cannot bypass the safeguards of Rule 30 for the creation and certification of a deposition recording or transcript.

Absent a stipulation between the parties, "a deposition must be conducted before an officer appointed or designated under Rule 28." Fed. R. Civ. P. 30(b)(5)(A). Within the United States, this means an officer authorized to administer oaths by federal or local

6

law or a person appointed by this court to administer oaths and take testimony. Fed. R. Civ. P. 28(a)(1). Such person cannot be a party's relative, employee, or attorney; someone related to or employed by the attorney; or someone with a financial interest in the action. Fed. R. Civ. P. 28(c).

The officer before whom a deposition is conducted begins the deposition by providing certain information about the deposition and administering the oath to the deponent. Fed. R. Civ. P. 30(b)(5)(A). After the oath is administered, "the officer must record the testimony" by audio, audiovisual, or stenographic means. Fed. R. Civ. P. 30(c)(1); *see also* Fed. R. Civ. P. 30(b)(3)(A). This recording must be done "by the officer personally or by a person acting in the presence and under the direction of the officer." Fed. R. Civ. P. 30(c)(1). If the deposition is recorded by non-stenographic (i.e., audio or audiovisual) means, the officer must also repeat certain required information at the beginning of each unit of the recording medium and must ensure that the "deponent's and attorneys' appearance or demeanor" is not "distorted through recording techniques." Fed. R. Civ. P. 30(b)(5)(B). At the end of the deposition, the officer states on the record that the deposition is complete and sets out any stipulations between the parties. Fed. R. Civ. P. 30(b)(5)(C). After the deposition, the officer must provide written certification that the witness was duly sworn and the deposition accurately records the witness's testimony; seal the deposition; and promptly send it to the attorney who arranged for the transcript or recording. Fed. R. Civ. P. 30(f)(1). The officer retains a copy of the stenographic notes or recording and will furnish a copy to any party or the deponent upon the payment of reasonable charges. Fed. R. Civ. P. 30(f)(3).

Here, Plaintiff proposes to have a notary public administer the oath, but it does not appear that Plaintiff intends for that notary public to perform the important and

necessary duties of an officer under Rule 30—or that the notary public she intends to hire would be qualified to do so. Plaintiff's proposed procedure is in violation of Rule 30, and the deposition notice will be quashed on this basis.

## IV. Remote Depositions

Finally, Plaintiff's notice improperly calls for a remote deposition.

Rule 30 allows for depositions to be taken "by telephone or other remote means" but <u>only</u> when (1) the parties so stipulate or (2) the court orders a remote deposition on a parties' motion. Fed. R. Civ. P. 30(b)(4). The parties have not stipulated to depositions by remote means, and no one has filed a motion providing a basis on which the Court might order a remote deposition.

Plaintiff cannot unilaterally force remote depositions, and the motion to quash will be granted on this basis.

## V. Adequacy of the Time Provided in the Notice

As the Court has previously stayed the depositions pending this ruling, the Court will not address the VA's arguments regarding the inadequacy of time between the date of the notice and the date of the depositions.

## Conclusion

IT IS THEREFORE ORDERED that *Defendant's Motion to Quash Plaintiff's 'Notice' of Depositions* (ECF No. 27) is GRANTED.

ORDERED this 3rd day of October, 2024.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT