# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SEMONE THOMPSON, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 23-cv-00499-GKF-SH |
| DOUGLAS A. COLLINS, Secretary of Veterans Affairs, Department of Veterans Affairs, | ) ) ) ) |
|     Defendant. | ) |

## **OPINION AND ORDER**

Before the Court is Plaintiff's motion, asking the Court to reconsider its prior rulings regarding remote depositions and seeking clarification regarding potential future depositions. The undersigned finds no basis to reconsider the prior orders quashing Plaintiff's improper deposition notices and denying her motion for leave to conduct remote depositions. Any other requested relief is moot.

## Background

This is the Court's fourth order regarding depositions to be conducted by Plaintiff Semone Thompson ("Thompson"). Thompson, *pro se*, brought this case against the Secretary of Veterans Affairs, Department of Veterans Affairs (the "VA") on November 17, 2023, asserting various employment-related claims. (ECF No. 1.) Under the most recent scheduling order, discovery was to be completed by December 30, 2024. (ECF No. 35.)

### *Deposition-Related Orders*

As discovery progressed, the Court twice quashed Thompson's deposition notices and once denied her leave to conduct remote depositions. (ECF Nos. 43, 53, 70.)

First, on October, 3, 2024, the Court quashed Thompson's notice of deposition for seven individuals, where Thompson had noticed remote depositions without stipulation

or court order; failed to subpoena non-party witnesses; improperly requested document production at the deposition; and failed to identify a deposition officer who would be both qualified and willing to perform duties required under Fed. R. Civ. P. 30 for depositions conducted by non-stenographic means. (ECF No. 43.)

Second, on December 13, 2024, the Court denied Thompson's motion for leave to conduct remote depositions, where she wanted to have a "notary public issue the oaths at the deposition, but she [did] not state whether that notary is qualified to—or will— conduct and certify the deposition as required by Fed. R. Civ. P. 30"; she refused to identify that notary public; and she wanted various VA-employee deponents to obtain information from the VA servers at the deposition. (ECF No. 53.)

Third, on December 19, 2024, the Court quashed remote deposition notices Thompson had issued in violation of the Court's second order. (ECF No. 70.) The motion was granted on the basis that Thompson was again attempting to conduct remote depositions without stipulation or court order, but it did note that Thompson was still failing to provide sufficient information to determine whether her now-named private investigator and notary public was qualified to conduct a deposition as required by Rule 30. (*Id.* at 4–5.) The Court denied the Government's request for fees but, instead, ordered Thompson not to issue any further notices for "remote depositions" without either a stipulation or obtaining Court authorization to conduct the specific remote deposition requested. (*Id.* at 5–6.) The discovery period then expired on December 30, 2024, without any such stipulation or motion.

After discovery closed, Thompson filed the current motion, requesting "clarification and reconsideration regarding the qualifications of a deposition officer" under Rules 28 and 30. (ECF No. 94 at 1.) Although all prior motions related to remote

depositions (via Zoom or Teams), Thompson now requests clarification regarding whether she may use "an Oklahoma-licensed notary public as an officer for in-person depositions" that will be recorded by non-stenographic means. (*Id.* at 7.) However, Thompson also requests clarity regarding whether "a notary may take remote depositions" by audio-visual means and asks the Court to reconsider "its prior order precluding such use"—presumably, asking the Court to reconsider one or all of the three orders discussed above.

### *The Amended Complaint and Motion to Dismiss*

Meanwhile, on July 23, 2024, District Judge Gregory K. Frizzell granted Thompson's motion for leave to file an amended complaint and directed that such complaint be filed by August 2, 2024. (ECF No. 26.) Thompson did not meet this deadline. Thompson then sought leave to file the amended complaint out-of-time, which Judge Frizzell granted. (ECF Nos. 45–46.) The amended complaint was finally filed of record on December 16, 2024. (ECF No. 54.)

On January 6, 2025, in response to the amended complaint, the VA moved to dismiss the entire case (ECF No. 84) and, while the current motion was pending, moved to stay remaining scheduling order dates pending a ruling on the dismissal motion (ECF No. 106). On February 20, 2025, the stay was granted—including a stay on the current motion to clarify. (ECF No. 112.) On March 28, 2025, Judge Frizzell ruled on the VA's motion to dismiss—dismissing some claims but allowing others to proceed. (ECF No. 119.)

In the two months since Judge Frizzell's ruling, neither party has moved to reopen discovery.[1]  It therefore appears that the status of case remains the same as it was in

---

[1] In rejecting the VA's prejudice arguments, Judge Frizzell stated "the court will entertain a request by the defendant to extend discovery, if needed." (ECF No. 119 at 7.)

January, when Thompson filed her motion to clarify or reconsider, and the undersigned will proceed with ruling on that basis.

## Analysis

I. **The Motion to Reconsider Is Denied**

Where a motion seeks reconsideration of an interlocutory ruling (such as a discovery order), the district court exercises its discretion and is not bound by the more onerous requirements for reconsideration after a final judgment found in *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). *See Luo v. Wang*, 71 F.4th 1289, 1298–99 (10th Cir. 2023). This is because "every order short of a final decree is subject to reopening at the discretion of the district judge." *Elephant Butte Irr. Dist. v. U.S. Dep't of Interior*, 538 F.3d 1299, 1306 (10th Cir. 2008) (quoting *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005)); *see also* Fed. R. Civ. P. 54(b) ("any order . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment"), *quoted in Luo*, 71 F.4th at 1297.

The Court's three prior deposition-related orders ruled on discrete disputes regarding either specific deposition notices (ECF Nos. 43 & 70) or Thompson's request for leave to conduct remote depositions (ECF No. 53). In each case, the Court ruled based on the information before it. The former two orders, at a minimum, involved Thompson improperly issuing unilateral deposition notices for remote depositions without stipulation or court order—violating Fed. R. Civ. P. 30(b)(4). All three involved Thompson's unwillingness or inability to provide sufficient information from which the Court could find that her proposed notary public or private investigator was both qualified and willing to serve as an officer who would record the deposition by non-stenographic means, ensuring a lack of distortion, making the appropriate representations on the

4

record, providing the required written certifications, and appropriately retaining and providing copies of the recording. *See* Fed. R. Civ. P. 30(b)(5)(A)–(C), (c)(1), (f)(1), (f)(3). These considerations are essential in making sure that the deposition results in an impartial recording that may be used in the litigation. *See Alcorn v. City of Chicago*, 336 F.R.D. 440, 442–45 (N.D. Ill. 2020) (discussing in detail the requirements of Rule 30, which "are designed to ensure . . . that the deposition is an accurate reflection of the witness's testimony" and to maintain "the integrity of the deposition"); *see also, e.g., Raiser v. San Diego Cnty.*, No. 19-CV-00751-GPC, 2021 WL 4751199, at *2 (S.D. Cal. Oct. 12, 2021) ("it is not sufficient for any public notary to simply certify the audio or video recording. . . if that notary is not appropriately trained or experienced in the certification of such recordings"); *Lagnese v. Town of Waterbury*, No. 15CV00975(AWT), 2015 WL 7432318, at *2 (D. Conn. Nov. 23, 2015) (refusing to find notary public a *per se* improper officer but requiring court approval of the specific proposed officer); *Ryan v. eXp Realty LLC*, No. CV-20-00325-PHX-GMS, 2022 WL 475988, at *1–2 (D. Ariz. Feb. 16, 2022) (denying use of deposition video at trial where deposition was conducted without certified videographer and problems with the quality of the video rendered it unhelpful to the jury).

Thompson's latest motion adds no new facts or law for the Court's consideration. Having reviewed the prior orders, the undersigned finds them proper, and the motion to reconsider is denied.

## II.     The Motion for Clarification Is Denied as Moot

The remainder of Thompson's motion appears to seek an advisory ruling on whether she may use an Oklahoma-licensed notary public for future in-person or remote depositions. Currently—as it was at the time the motion was filed—the discovery cutoff has passed. No party has moved to reopen discovery or sought leave to conduct

depositions outside of discovery.  There is no clarification the undersigned can provide that will affect the conduct of this litigation, and Thompson's motion to clarify is moot.

IT IS THEREFORE ORDERED that *Plaintiff's Motion for Clarification and Reconsideration Regarding the Qualifications of a Deposition Officer Pursuant to FRCP 28 and 30* (ECF No. 94) is DENIED.

ORDERED this 21st day of May, 2025.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT