#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SEMONE THOMPSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 23-cv-00499-GKF-SH |
| DOUGLAS A. COLLINS, Secretary of Veterans Affairs, Department of Veterans Affairs, | ) ) ) ) ) |
| Defendant. | ) |

### OPINION AND ORDER

Before the Court is Defendant's motion to compel Plaintiff to respond to written discovery or, alternatively, to dismiss this action based on Plaintiff's failure to cooperate in discovery. Plaintiff refused to respond to the discovery requests, asserting they were issued too late. Plaintiff is correct, and Defendant's motion will be denied.

### Background

Plaintiff Semone Thompson ("Thompson"), *pro se*, has sued the Secretary of Veterans Affairs, Department of Veterans Affairs (the "VA"), asserting various employment-related claims. (ECF No. 1; ECF No. 54.)

On April 26, 2024, District Judge Gregory K. Frizzell issued an initial *Scheduling Order*. (ECF No. 15.) That order set September 30, 2024, as the "DISCOVERY CUTOFF," ordering that "Interrogatories and Rule 34 requests must be made 30 days in advance of this date." (*Id.*) On the VA's motion, Judge Frizzell later extended certain scheduling order dates, including the discovery cutoff, by 90 days. (ECF Nos. 33, 35.) As a result, the new "Discovery Cutoff" became December 30, 2024. (ECF No. 35.) Judge Frizzell did

not strike or amend his requirement that interrogatories and requests for production be made 30 days before the discovery cutoff.

On Saturday, November 30, 2024, counsel for the VA e-mailed[1] its "First Discovery Requests" to Thompson.[2] (ECF No. 120-2.) It is undisputed that Thompson has never responded to the requests, and she has consistently asserted they were late. (*See, e.g.,* ECF No. 97 at 5.)

The VA now moves to compel responses to the written discovery.[3] (ECF No. 120.) Alternatively, the VA requests an order dismissing Thompson's claims—citing "cases where Plaintiffs have engaged in behavior that makes a mockery of the judicial process." (ECF No. 120 at 5.) Thompson continues to argue that no response was required, because the requests were not timely. (ECF No. 121 ¶¶ 4, 6; ECF No. 122 ¶¶ 9–11.) The Court finds that no reply is necessary. While the Court disagrees with Thompson's reasoning, her conclusion is correct. The motion to compel will be denied.

## Analysis

The VA's discovery requests were out-of-time under Judge Frizzell's scheduling order. The federal rules provide a detailed process for computing any time period

---

[1] The parties had previously agreed to service by e-mail. (ECF No. 120-1 at 1.)

[2] In violation of LCvR 37-2(d), the VA does not provide a copy of the discovery requests with its motion. The requests were filed with an earlier briefing. (*See* ECF No. 89-2.) Thompson, moreover, does not object to the substance of any requests, and the Court finds it unnecessary to require strict compliance with LCvR 37-2(d) for the resolution of the parties' current dispute. *See* LGnR 1-2(c) (noting a judge has discretion to waive or modify any requirement of the local rules when the administration of justice requires).

[3] Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv), the Court treats the VA's motion to compel as applying only to the interrogatories and requests for production. Untimely answers to requests for admission are subject to a different process. *See* Fed. R. Civ. P. 36(a)(3).

specified in a court order.  *See* Fed. R. Civ. P. 6(a).  Where a deadline is stated in terms of days, the rules provide that the computation must

> (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Fed. R. Civ. P. 6(a)(1).  "[T]he day on which one starts counting, the day succeeding the triggering event, depends on whether a period is counted forwards from the triggering event or backwards from it."  1 Moore's Federal Practice - Civil § 6.04 (2025); *see also* Fed. R. Civ. P. 6(a)(5) ("The 'next day' is determined by continuing to count forward when the period is measured after an event and backward when measured before an event."); Fed. R. Civ. P. 6, advisory ctte.'s note, 2009 am., subdiv. (a)(5) ("A backward-looking time period requires something to be done within a period of time *before* an event.").

      Here, the interrogatories and requests for production were due "30 days in advance of" the discovery cutoff of December 30, 2024 (ECF Nos. 15 & 35)—a backward-looking time period.  So, under the rule, the Court excludes the day of the event that triggers the period (Monday, December 30, 2024) and then counts the next 30 days backwards, including intermediate weekends and holidays.  *See* Fed. R. Civ. P. 6(a)(1)(A)–(B).  The 30th day lands on November 30, 2024; because this is a Saturday, the period continues to run until the next day that is not a weekend or holiday—Friday, November 29, 2024.  *See* Fed. R. Civ. P. 6(a)(1)(C); *see also* Fed. R. Civ. P. 6, advisory ctte.'s note, 2009 am., subdiv. (a)(5) ("if a filing is due 21 days *before* an event, and the twenty-first day falls on Saturday, September 1, then the filing is due on Friday, August 31").

3

The VA was required to serve its "Interrogatories and Rule 34 requests" by Friday, November 29, 2024. The VA did not do so and did not seek an extension of time for discovery. Its requests were untimely, and Plaintiff was under no obligation to respond.[4]

IT IS THEREFORE ORDERED that *Defendant's Motion to Compel or, in the Alternative, Dismiss for Plaintiff's Failure to Cooperate in Discovery* (ECF No. 120) is DENIED.

ORDERED this 21st day of May, 2025.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[4] If Judge Frizzell's' discovery order did not provide a backward-looking deadline for the interrogatories and document requests, but merely provided a discovery cutoff, the VA's requests arguably would have been timely. Rules 33 and 34 allow a party 30 days to respond to such requests. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Although often stated inartfully, this means a party must serve such requests in such time as to allow for compliance before the discovery period ends. *Cf. Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) (citing *Smith v. Principal Cas. Ins. Co.*, 131 F.R.D. 104, 105 (S.D. Miss. 1990)). The federal rules seem to anticipate that a triggering even can occur on a weekend. *See* Fed. R. Civ. P. 6, advisory ctte.'s note, 2016 am. ("Electronic service . . . during a weekend or holiday, may result in a practical reduction in the time available to respond."). Counting forward from November 30, 2024, the 30th day would have fallen on December 30, 2024, a Monday. Of course, the most prudent approach is to avoid waiting until the last minute—or beyond—and risking the result reached here.